**IN THE COURT OF APPEALS OF IOWA**

No. 16-0780
Filed July 27, 2016

**IN THE INTEREST OF A.D.,**

**R.D., Father,**
Appellant,

**K.R., Mother,**
Appellant.
_____

Appeal from the Iowa District Court for Pottawattamie County, Gary K.
Anderson, District Associate Judge.


A father and mother appeal the termination of their parental rights to their
child. **AFFIRMED.**


Phil R. Caniglia, Council Bluffs, for appellant father.

Sara E. Benson of Benson Law, P.C., Council Bluffs, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant
Attorney General, for appellee State.

Joe Narmi of J. Joseph Narmi, Attorney at Law, Council Bluffs, for minor
child.


Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

The mother and father of a child born in 2009 separately appeal the termination of their parental rights. As to the mother, we conclude the State proved by clear and convincing evidence her rights should be terminated under Iowa code section 232.116(1)(f) (2015). By the same standard of proof, we affirm the termination of the father's parental rights under Iowa Code section 232.116(1)(e). In addition, although the child is placed with her paternal grandmother, no considerations asserted by either parent militate against termination under section 232.116(3). Therefore, we affirm the district court.

**I. Background Facts and Procedural History**

A.D. came to the attention of the Iowa Department of Human Services (DHS) in June 2014, when her father was using methamphetamine, which he later admitted to using every other day during the previous six months. Although in the physical care of her father, A.D. had been recently living with her paternal grandmother because the father was in jail on unrelated charges. Services were offered to the father, and he managed some level of compliance, but he struggled with a number of mental health and emotional issues along with drug and alcohol addiction. In December 2014, A.D. was adjudicated in need of assistance, under Iowa Code section 232.2(6)(c)(2) (2013). In April 2015, the father had sufficiently complied with offered services that A.D. was returned to his care for just over thirty days, before she was removed again in late May. The father had returned to drinking and using methamphetamine, refused to comply with services, and became aggressive with the service worker.

The mother has had very little to do with A.D. since 2011.

The State's petition to terminate both parents' parental rights came on for hearing on March 14, 2016. The father did not appear, and his rights were terminated under Iowa Code section 232.116(1)(b), (e),[1] (f), (i) and (*l*). The mother appeared and testified. Her parental rights were terminated under Iowa Code section 232.116(1)(b), (e), (f)[2], and (i). Both appeal.

## II. Standard of Review

Appellate review of proceedings to terminate parental rights is de novo; we review the facts as well as the law to adjudicate the parents' rights anew. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We will uphold an order terminating

---

[1] Paragraph (e) provides termination is warranted if:
> The court finds that all of the following have occurred:
> (1) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (2) The child has been removed from the physical custody of the child's parents for a period of at least six consecutive months.
> (3) There is clear and convincing evidence that the parents have not maintained significant and meaningful contact with the child during the previous six consecutive months and have made no reasonable efforts to resume care of the child despite being given the opportunity to do so. For the purposes of this subparagraph, "significant and meaningful contact" includes but is not limited to the affirmative assumption by the parents of the duties encompassed by the role of being a parent. This affirmative duty, in addition to financial obligations, requires continued interest in the child, a genuine effort to complete the responsibilities prescribed in the case permanency plan, a genuine effort to maintain communication with the child, and requires that the parents establish and maintain a place of importance in the child's life.

[2] Paragraph (f) provides termination is warranted if:
> The court finds that all of the following have occurred:
> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

parental rights if there is clear and convincing evidence of grounds for termination under Iowa Code section 232.116. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). When the juvenile court terminates parental rights on more than one statutory ground, we may affirm on any ground we find supported by the record. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).

## III. The Mother

The mother admitted during her testimony that during the pendency of these proceedings she only saw A.D. once in November 2014 and once in December 2015. The mother also admitted she had not participated in any services offered by DHS, refusing all drug screens and failing to cooperate with mental health services. Yet, the mother claimed there was no reason the child could not be returned to her care. As the district court found, the mother blamed other people for her indifference to her child, but she did nothing to demonstrate she could safely and adequately parent A.D. We affirm the district court's findings that termination of the mother's parental rights was proven by clear and convincing evidence under Iowa Code section 232.116(1)(f).

## IV. The Father

Although the father made some effort to participate in offered services, his compliance was sporadic. He briefly visited A.D. on her birthday in June 2015 and again on Thanksgiving and Christmas of the same year. A.D. suffered from his absence in her life. Although DHS continued to offer the father visitation, the father repeatedly refused the offers. At the termination hearing, A.D.'s paternal grandmother reported her son did not look healthy. He was homeless and unemployed—strong indicators of the downward spiral caused by his continued

drug and alcohol use coupled with his mental health issues. We conclude clear and convincing evidence supported the termination of the father's parental rights under Iowa Code section 232.116(1)(e), as he had "not maintained significant and meaningful contact with the child during the previous six consecutive months and [had] made no reasonable efforts to resume care of the child despite being given the opportunity to do so."

## V. Considerations under Iowa Code Section 232.116(3)

Both the mother and the father assert termination is inappropriate if Iowa Code section 232.116(3) is followed.[3] The mother claims she is bonded with the child and a guardianship could be established if A.D. is not returned to her care. The father also asserts a strong bond with A.D. and claims termination is unnecessary because she is placed with the grandmother.

The mother's claim of having a bond with the child is simply not supported by the record and not credible considering the mother's near total absence from the child's life. The father has had a strong bond with the child, but he has walked away from A.D. over the course of these proceedings. While the grandmother has care of A.D., she does not have legal custody, which is required under section 232.116(3) to militate against termination.

---

[3] Iowa Code section 232.116(3) provides, in part:
> The court need not terminate the relationship between the parent and child if the court finds any of the following:
>> a. A relative has legal custody of the child.
>> . . . .
>> c. There is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship.

## VI.  Best Interests under Iowa Code Section 232.116(2)

As to the child's best interests, *see* Iowa Code section 232.116(2), we agree with district court, "This child should not have to continue to suffer from [the parents'] lack of contact with her."  A.D. is fortunate the grandmother has been able to provide her with the stable home she needs, and A.D. is very attached to her grandmother.

We affirm the termination of the mother's and father's parental rights.

**AFFIRMED.**